**YUN AN ZANG, a.k.a. Yun Yan Zheng, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–3493–ag.

United States Court of Appeals, Second Circuit.

July 9, 2009.

Gary J. Yerman, New York, for Petitioner.

Michael F. Hertz, Acting Assistant, Attorney General; Ernesto H. Molina, Jr., Assistant Director; Yanal Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, JOHN M. WALKER, JR., Circuit Judges.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Petitioner Yun An Zang, a native and citizen of the People's Republic of China, seeks review of a June 26, 2008 order of the BIA, which denied her motion to reopen. *In re Yun An Zang*, No. A077 998 481 (B.I.A. Jun. 26, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Zang's untimely motion to reopen.

Zang argues that the BIA erred in concluding that she failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing her motion to reopen. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Further, there is nothing in the BIA's decision compelling the conclu-sion that it failed to take into account all of Zang's evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006). Moreover, although the agency may err in rejecting a document solely based on the alien's failure to properly authenticate the document pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005), the BIA did not abuse its discretion in declining to accord more weight to Zang's unauthenticated evidence where that decision was also based on contrary evidence in the record, *see Xiao Ji Chen*, 471 F.3d at 342.

Zang also asserts that the BIA erred in failing to address whether the U.S. Department of State's 2006 Country Report on Human Rights Practices and a 1988–2007 fine schedule in the record indicated that she would be subject to excessive fines amounting to persecution. However, neither that report nor the fine schedule indicates that country conditions have materially changed or that such fines would amount to economic persecution for someone in Zang's economic circumstances. *See Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir.2002).

Zang waives any challenge to the BIA's finding that she was ineligible to file a successive asylum application based on her changed personal circumstances. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

 

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).